**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SURINDER SINGH, | No. 08-74129 |
| Petitioner, | Agency No. A097-586-573 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2012[**]

Before:     FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

Surinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistencies within Singh's testimony, and between his testimony and declaration, regarding the abuse he suffered during his third detention, how long he was detained, and how long he remained in his village following his release.  *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (adverse credibility determination supported by inconsistencies that go the heart of the claim); *Kohli v. Gonzales*, 473 F.3d 1061, 1071 (9th Cir. 2007) (inconsistencies between petitioner's testimony and declaration regarding the degree of abuse supported the adverse credibility determination); *Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001) (inconsistencies in testimony regarding the events leading up to petitioner's departure supported the adverse credibility determination).  In the absence of credible testimony, Singh's asylum and withholding of removal claims fail.  *See Farah*, 348 F.3d at 1156.

Because Singh's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence showing it is more likely than not he will be tortured if returned to India, his CAT claim also fails.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**